IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cr-00284-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

JEFFERSON COUNTY SCHOOLS,
CAROL MINOR,
KRISTOPHER SCHUH,
HOLLY ANDERSON,
CYNTHIA STEVENSON,
CAPLAN AND ERNEST, LLC,
ALLEN P. TAGGART,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT,
DAN GARD, and
DEPUTY PEPPER,

    Defendants,

and

Criminal Action No. 10-cr-00320-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT,
DEBBIE MOSS,
CAROL A. WALTER,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT, et al., and
DAN GARD,

    Defendants,

and


Criminal Action No. 10-cr-00321-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

CAROL A. WALTER,
REBECCA BRAUN,
SUE WOLFE,
KAREN A. BUCK,
JENNY A. REED,
HILLARIE GILMORE,

    Defendants.

## ORDER DENYING REQUEST TO RECUSE

In each of these cases, John M. Hentges has attempted to commence a criminal action, on behalf of himself and his children, against various individuals (including his ex-wife) and entities

for what he contends are criminal statutory violations.[1]  He also requests that the undersigned recuse herself from this action pursuant to 28 U.S.C. §§ 144 and 455, because she has previously dismissed a similar action.

Section 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  It requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

---

[1] In construing Mr. Hentges's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Section 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Court **DENIES** Mr. Hentges' request because no good cause to recuse has been shown; entry of an order dismissing a prior case ( No. 10-Y-00022-MSK) is insufficient.

Dated this 25th day of June, 2010

                                                  **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                                  Marcia S. Krieger
                                                  United States District Judge