IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cr-00284-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

JEFFERSON COUNTY SCHOOLS,
CAROL MINOR,
KRISTOPHER SCHUH,
HOLLY ANDERSON,
CYNTHIA STEVENSON,
CAPLAN AND ERNEST, LLC,
ALLEN P. TAGGART,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT,
DAN GARD, and
DEPUTY PEPPER,

    Defendants,

and

Criminal Action No. 10-cr-00320-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT, et al.,
DEBBIE MOSS,
CAROL A. WALTER,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT, et al., and
DAN GARD,

    Defendants,

and

Criminal Action No. 10-cr-00321-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
    BRANDON W. HENTGES,
    TYLER J. HENTGES,
    NATHAN A. HENTGES,
    COLIN M. HENTGES, and
    ALICHARAE N. HENTGES,

    Plaintiffs,

v.

CAROL A. WALTER,
REBECCA BRAUN,
SUE WOLFE,
KAREN A. BUCK,
JENNY A. REED,
HILLARIE GILMORE,

    Defendants.

## ORDER TO SHOW CAUSE WHY THE CASES SHOULD NOT BE DISMISSED

In each of these cases, John M. Hentges has attempted to commence a criminal action pursuant to 18 U.S.C. §§ 3231, 241, 242, and other criminal statutes by filing *pro se* documents

titled "Criminal Complaint and Affidavit".[1] Mr. Hentges seeks to prosecute, on his own behalf and on behalf of his children, criminal charges against three Jefferson County, Colorado entities, a law firm, various individuals (some of whom are Jefferson County officials), and his ex-wife.

It appears that these cases should be dismissed. Private citizens do not have the authority to prosecute criminal actions. *See Clinton v. Jones*, 520 U.S. 681, 718 (1997); *Mamer v. Collie Club of Am., Inc.*, 229 F.3d 1164, 2000 WL 1114237, at *2 (10th Cir. Aug. 8, 2000) (unpublished); *Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920, at *1 (10th Cir. Apr. 12, 1995) (unpublished). Criminal cases, unlike civil cases, can only be initiated by the Executive Branch of government, in this case, the U.S. Attorney. *See Clinton*, 520 U.S. at 718. Mr. Hentges states that he has requested that local, state, and federal agencies, including the Federal Bureau of Investigation, bring a criminal case, but they have failed to do so. Despite such action, the Court is unaware of any authority (and Mr. Hentges has offered none) that would empower him, as a private citizen, to initiate these criminal cases.[2]

---

[1] In construing Mr. Hentges's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] He retains the right to bring legally cognizable claims, if any, by civil complaint.

3

**IT IS THEREFORE ORDERED** that by **July 31, 2010**, Mr. Hentges shall **SHOW CAUSE** in writing why these actions should not be dismissed.

Dated this 25th day of June, 2010

BY THE COURT:

Marcia S. Krieger
United States District Judge